IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GUILLERMO TERWOGT | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-cv-810 |
| | § | JURY REQUESTED |
| JACKSON EDWARDS AND | § | |
| CANE CREEK TRUCKING, LLC | § | |
| *Defendants* | § | |

## <u>DEFENDANT CRANE CREEK TRUCKING, LLC'S</u>
## <u>NOTICE OF REMOVAL OF CIVIL ACTION</u>

COMES NOW Defendants CRANE CREEK TRUCKING, LLC and files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

1.      Plaintiff GUILLERMO TERWOGT ("Plaintiff") filed Plaintiff's Original Petition on Jan. 30, 2024, in the Harris County District Court, which is within the Houston Division of the Unites States District Court for the Southern District of Texas. The case carries the style of *Guillermo Terwogt v. Jackson Edwards and Crane Creek Trucking, LLC;* Cause No. 2024-06055, in the 333rd Judicial District Court of Harris County, Texas.

2.      In the Original Petition, Plaintiff alleges that on or about Aug. 3, 2023, Plaintiff was injured in a motor vehicle accident involving a vehicle driven by Jackson Edwards. (Ex. B, Plaintiff's Orig. Pet., at ¶ 5.1). Plaintiff claims to have sustained personal injuries and damages and is seeking to recover (a) past and future medical expenses, (b) past and future pain and suffering, (c) past and future mental anguish, (d) past and future impairment, (e) past and future disfigurement, (f) past and future lost earnings and loss of earning capacity; and (g) property damages. Plaintiff's Original Petition alleges a monetary relief over $250,000.00 but not more than $1,000,000. (Ex. B, Orig. Pet., at § 3.1, 8.1).

3.      CRANE CREEK TRUCKING, LLC ("Crane Creek") is a limited liability corporation, incorporated in the State of Iowa, with its principal place of business located at 1748 Ridgeway Blvd., Lawler, Iowa 52154. Crane Creek is not a Texas corporation. The individual owners/members of Crane Creek are Donald Mueterthies, whose address is 2998 190th St., Lawler, IA 52154; Bryan Mueterthies, 1739 Ridgeway Blvd., Lawler, IA 52154; Jason Mueterthies, 1750 Ridgeway Blvd., Lawler, IA 52154; and Jeremy Mueterthies, 1902 Union Ave., Lawler, IA 52154. All are citizens of Iowa.

4.      Jackson Edwards is not a citizen of Texas. Instead, he is a resident and citizen of Carthage, Missouri.

5.      Plaintiff is an individual and a resident and citizen of Harris County, Texas. (Ex. B, Orig. Pet., at § 4.1).

6.      The original Notice of Removal was filed within thirty (30) days after receipt by Crane Creek of a copy of the Petition in combination with service of the summons, in compliance with 28 U.S.C. § 1446(b).

7.      The Action is one which may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, and over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, because complete diversity of citizenship exists between the Plaintiff and all Defendants, and Plaintiff has pled that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.      Removal is not barred by 28 U.S.C. § 1445.

9.      As of the date of this Notice of Removal, Plaintiff has not effectuated service on Jackson Edwards. (Ex. A, Docket Sheet). This Notice of Removal is therefore filed before Edwards has been properly served in the cause pending in the 333rd District Court, Harris County, Texas. *See* 28 U.S.C. § 1441(b)(2); *Texas Brine Co. v. American Arbitration Ass'n,* 955 F.3d 482, 486-87 (5th

Cir. 2020); *Mirman Grp., LLC v. Michaels Stores Procurement Co., Inc.,* No. 3:20-CV-1804-D, 2020 WL 5645217, at \*3 (N.D. Tex. Sept. 22, 2020); *Baker v. Bell Textron, Inc.,* No. 3:20-CV-292-X, 2020 WL 5513431, at \*3 (N.D. Tex. Sept. 14, 2020).

10.     All defendants consent for removal and to proceed in Federal Court for the Southern District of Texas, pursuant to 28 U.S.C. § 1446(b)(2)(A).

11.     Pursuant to 28 U.S.C. § 1446(a), Defendant has previously attached with their removal an Index of Documents filed in State Court, which included the following:

- Ex. A, State Court Docket Sheet;

- Ex. B, Plaintiff's Original Petition (01/30/2024);

- Ex. C, Request for Issuance of Service of Crane Creek (01/30/2024);

- Ex. D, Return of Service on Crane Creek (02/19/2024);

- Ex. E, Crane Creek's Original Answer (03.01.2024);

- Ex. F Defendant Crane Creek's Notice of Removal (03.05.2024)

12.     All pleadings, process, orders, and other filings that were on file in the state court action at the time of removal were attached to the original notice as required by 28 U.S.C. §1446(a).

13.     Venue is proper in the Southern District-Houston Division under 28 U.S.C. §1441(a) because "all or a substantial part of the events or omissions giving rise to the claim" occurred in Harris County, Texas. 28 U.S.C. 1391(b)(2); TEX. CIV. PRAC. & REM. CODE 15.002(a)(1).

14.     On or about the date of the original filing, Defendant served upon counsel for the Plaintiff a copy of the "Defendants' Notice of Removal of Civil Action."

### REQUEST FOR HEARING AND JURISDICTIONAL DISCOVERY

15.     Plaintiff has not yet contested this removal but, if he does, Defendant requests:

(a)     a hearing regarding this Court's jurisdiction over, and the propriety of

removal of this matter; and

(b)    leave to conduct limited discovery related to issues surrounding the existence

of diversity jurisdiction.

WHEREFORE, Defendant CRANE CREEK TRUCKING, LLC, requests that this case

remain pending before The United States District Court for the Southern District of Texas, Houston

Division, and for all other and further relief to which they may be entitled.

Respectfully submitted,

**COX P.L.L.C.**

**CLINTON COX**
State Bar No. 24040738
ccox@coxpllc.com
**Bill W. Sanford**
State Bar No. 24041864
Federal Bar No. 1086354
bsanford@coxpllc.com
8144 Walnut Hill Lane, Suite 1090
Dallas, Texas 75231
Tel: (214) 444-7050
Fax: (469) 340-1884

**ATTORNEYS FOR DEFENDANT
CRANE CREEK TRUCKING, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served with a copy of this document via the Court's CM/ECF system on the 5th day of March, 2024. A true and correct copy of the foregoing Defendants' Notice of Removal was served upon counsel of record in compliance with the Federal Rules of Civil Procedure by e-service, e-mail, certified mail, return receipt requested, telephonic communications, hand delivery and/or U.S. Mail on this the 5th day of March, 2024.

Clinton V. Cox
Bill W. Sanford

4